UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL ANDERSON,<br>　　　Plaintiff,<br><br>　　　v.<br><br>OCEAN STATE JOB LOT, WILLIAM<br>LEPORE, TIFFANY CARON, and ROBIN<br>GIVENS<br>　　　Defendants. | No. 3:14-cv-01684 (JAM) |

## ORDER OF REMAND TO STATE COURT

Plaintiff's *pro se* complaint alleges that defendants furnished false information to cause plaintiff's false arrest by the New Britain Police Department and his malicious prosecution. Although the complaint is less than a model of clarity, it does not cite or rely on any federal law. Moreover, it does not contain allegations that members of the New Britain Police Department or any other state actors were complicit in the conduct of defendants, such that the complaint could plausibly be said to raise a legal issue under federal law. *See Betts v. Shearman*, 751 F.3d 78, 84–85 (2d Cir. 2013).

It follows, under well-established principles of federal jurisdiction, that there is no federal-question jurisdiction under 28 U.S.C. § 1331 over plaintiff's claims:

> The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule. That rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, and only when plaintiff's well-pleaded complaint raises issues of federal law. Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available.

*Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) (internal citations omitted).

1

In response to the Court's order to show cause, defendants have quoted certain statements that plaintiff purportedly made to implicate the New Britain Police Department in his "Answer to Transfer Clearification of Allegations in the Complaint." Doc. #19 at 2-3. Defendant's response does not identify with specificity where this alleged statement appears in the referenced document, and I have reviewed "Plaintiff's Answer to Transfer Clearification of Allegations in the Complaint" as filed on the docket in this case (Doc. #12). The filed document does not contain the statements attributed to plaintiff by the defendants.

In any event, the existence of a federal law cause of action is to be determined on the basis of plaintiff's complaint and not satellite documentation of the type cited by defendants. "In the federal-question context . . . [extrinsic] papers will rarely, if ever, affect the court's subject-matter jurisdiction, because the jurisdictional inquiry generally focuses on just one paper: the plaintiff's well-pleaded complaint." *Connecticut v. McGraw Hill Cos., Inc.*, 2013 WL 1759864, at *4 n.6 (D. Conn. 2013)

Because there is no federal law question in this case and because no other basis for federal jurisdiction is apparent, the Court remands this action to Connecticut state court.

It is so ordered.

Dated at Bridgeport this 25th day of February 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge